818 F.2d 861
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Judy A. NEWMAN, Plaintiff-Appellant,
v.
FAUQUIER COUNTY PUBLIC SCHOOLS; C.H. Ritchie; James G.
Brumfield; S. Harold Lamm; Marjorie Lohr; David
Graham; Dianne Early, Defendant-Appellees.
 No. 86-3867.
 United States Court of Appeals, Fourth Circuit.
 Argued March 5,1987.
Decided May 15, 1987.
 
 Before PHILLIPS and ERVIN, Circuit Judges, and MOTZ, United States District Judge for the District of Maryland, sitting by designation.
 Herbert Vincent McKnight, Jr. (Ashcraft & Geral, on brief), for appellant.
 Justine S. Lisser, Equal Employment Opportunity Commission (Johnny J. Butler, Acting General Counsel; Gwendolyn Young Reams, Acting Associate General Counsel; Vella M. Fink, Assistant General Counsel, on brief) for Amicus Curiae Equal Employment Opportunity Commission.
 Nancy B. Shuger; Mark J. Davis, Assistant Attorneys General (Stephen H. Sachs, Attorney General of Maryland, on brief) for appellees.
 PER CURIAM:
 
 
 1
 Appellant Judy A. Newman brought this action alleging breach of contract, racial discrimination, violation of due process, violation of the first amendment, and intentional infliction of emotional distress against the Fauquier County School Board and several administrators within the school system after she was discharged from her position as a secretary in the Fauquier County High School finance department. Defendants prevailed by directed verdict or jury verdict on all the claims except the breach of contract claim. We find no basis on which to disturb the judgment below and therefore affirm.
 
 
 2
 Newman was employed by Fauquier County High School as a reading lab and bus aide in 1980. In December 1984 she was offered a secretarial position in the high school's finance department by the school's principal, defendant David E. Graham. Graham and Newman had known each other since the 1970's and according to both of them, their relationship had always been a harmonious one reflecting mutual respect.
 
 
 3
 Newman's supervisor in her new job was the school's treasurer defendant Diann Early. In a May 20, 1985, written employee performance evaluation, Early characterized Newman as an employee who required considerable supervision, whose work quality was only fair, and who was slow to learn new skills. This evaluation meant that Newman would not get an anticipated July pay raise.
 
 
 4
 Newman attempted to challenge the evaluation by invoking grievance proceedings in a letter to Graham on May 28, 1985. Graham contacted defendant Assistant Superintendent James G. Brumfield on Newman's behalf but was informed that unclassified personnel could not file formal grievances. Newman then wrote a letter to defendant Superintendent Harold Lamm requesting help with her job and protesting the evaluation as "unjustified, not fair and contradictory."
 
 
 5
 In June 1985 Early recommended that Newman not be rehired for the secretarial position, stating that she was not capable of doing the job. On June 25, 1985, Graham notified Newman that she would not be rehired.
 
 
 6
 At trial the quality of Newman's job performance was hotly disputed. Newman testified that she did good work and that until May Early had told her that her job performance was fine. Early testified that Newman had made over 83 check drafting errors, that she often failed to listen carefully to instructions, and that she had difficulty understanding the office's accounting process.
 
 
 7
 Newman called each of the defendants to the stand during her case in chief. Defendants, therefore, offered no evidence. At the close of the presentation of evidence, the district court granted a directed verdict for all defendants on Newman's first amendment, fifth amendment, fourteenth amendment, and intentional infliction of emotional distress claims. Newman's claim of racial discrimination by defendants Graham, Early, and Brumfield and her claim of breach of contract by the school board were submitted to the jury. The jury found for all defendants on the discrimination claim and for Newman on the breach of contract claim, awarding her $988.08. This appeal by Newman followed. The school board has not appealed the judgment on the breach of contract claim.
 
 
 8
 We find no error in the district court's grant of a directed verdict on Newman's first, fifth, and fourteenth amendment claims. These claims were based on Newman's allegation that defendants fired her in retaliation for making written complaints about the fairness of her job evaluation and for threatening to consult an attorney if the situation was not resolved to her liking. Not only is there scant factual support for the conclusion that Newman's firing was motivated by disapproval of her speech, Newman's speech clearly did not touch matters of public concern but only matters personal to her, and therefore was not protected by the first amendment. Connick v. Myers, 461 U.S. 138 (1983).
 
 
 9
 Newman also argues that the district court erred in directing a verdict on her claim for punitive damages on the breach of contract claim. Under Virginia law punitive damages are not recoverable in an ordinary breach of contract case. Kamlar Corp. v. Haley, 299 S.E.2d 514, 518 (Va. 1983). However, they may be allowed if the facts prove an independent willful tort whose legal elements are distinct from the contractual breach. Newman, however, failed to establish the elements of an independent tort. The jury rejected Newman's claim that defendants' conduct was motivated by racial discrimination, thus eliminating this constitutional tort as a basis for a recovery of punitive damages. Newman alleged the independent tort of intentional infliction of emotional distress, but the district court properly entered a directed verdict on this claim as Newman failed to introduce any evidence that defendants' conduct was specifically intended to cause that result or that Newman's distress was severe. Having failed to establish the elements of an independent willful tort, Newman was not entitled to recover punitive damages.
 
 
 10
 We have reviewed Newman's several assignments of error regarding the district court's evidentiary rulings on the admission of evidence. We find, however, that in each instance the district court acted correctly and in any event did not abuse its discretion in admitting or excluding evidence.
 
 
 11
 Quite simply, Newman was provided a fair opportunity to establish her claims against defendants. Although the jury ruled in her favor on the breach of contract claim it ruled against her on the federal and state law claims based on racial discrimination. The jury's conclusion that defendants' decision not to rehire Newman was not based on racial animus is sufficiently supported by the record. Further, none of the evidentiary rulings complained of by Newman amount to an abuse of discretion by the district court. The decision of the district court is therefore affirmed.
 
 
 12
 AFFIRMED.